UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

VALERIE HOLTON,

    **Plaintiff,**

v.       Case No. 23-2057

GIVE PULSE INC.,

    **Defendant.**

## REPORT & RECOMMENDATION

This case is before the Court on the Motion in Support of Attorney's Fees (#20) filed by Plaintiff, Valerie Holton. Defendant, Give Pulse, Inc., filed a Response (#22) in opposition. For the reasons provided below, the Court recommends Plaintiff's Motion in Support of Attorney's Fees (#20) be GRANTED.

On July 25, 2023, Plaintiff served Interrogatories, Requests for Production, and a Request to Admit to Defendant. Defendant failed to provide any response by the August 24, 2023, deadline to respond. On November 15, 2023, Plaintiff's Counsel sent an email to defense counsel regarding the status of Defendant's responses to Plaintiff's discovery. Defense counsel did not respond to that email.

On November 27, 2023, Plaintiff filed a Motion to Deem Facts Admitted and a Motion to Compel Discovery with the Court (#13 and #14). On November 27, 2023, Defendant's counsel stated that he would produce Plaintiff's discovery responses by Friday, December 1, 2023. Plaintiff's counsel did not receive any discovery responses by that date.

Defendant did not file a response to Plaintiff's Motions by the December 11, 2023, deadline. Instead, defense counsel emailed chambers the evening of December 11, 2023. Plaintiff filed a Motion to strike Defendant's ex parte communication, which the Court granted.

The Court held a Status Conference on January 10, 2024, during which defense counsel apologized for the delayed discovery responses.[1] Defense counsel further offered to pay for Plaintiff's attorney fees. The Court continued Plaintiff's motions and set a further status for February 9, 2024.

Defense counsel provided discovery responses on January 10, 2024, after the status. After reviewing, Plaintiff detailed deficiencies in the discovery production, and Defendant provided the outstanding discovery on February 15, 2024. During the Status Conference held on March 28, 2024, the Court granted Plaintiff leave to file a fee petition related to her discovery motions.

Plaintiff's Motion argues that Defendant's nearly seven month delay warrants an award of fees in this case. Plaintiff seeks fees in the amount of $3,103.75 associated with filing the motions to compel discovery. Defendant agrees to pay for Plaintiff's fees in "preparing discovery related motion practice," but asks the Court to remove any fees incurred after January 1, 2024.[2] Defendant argues that the Court should reduce the claimed fees by $1,478.75 because those fees were incurred after defense counsel's offer to pay fees.

Federal Rule of Civil Procedure 37(a) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

---

[1] Defense counsel failed to appear for status conferences scheduled on August 14, 2023 and November 17, 2023.
[2] Defense counsel uses a January 1, 2024, date cut off, though the offer to pay fees was made on January 10, 2024.

(iii) other circumstances make an award of expenses unjust.

The Court acknowledges that Plaintiff incurred some of the fees after Defendant's offer to pay the fees. However, the date of Defendant's offer is less relevant than the date of production. The Court recommends that Plaintiff be awarded fees related to all her counsel's efforts to obtain discovery, even those efforts that took place after January 1, 2024. Defendant's obligation to pay fees did not end with the offer to pay, but instead ended only once it fulfilled its discovery obligations.

Further, Defendant makes no attempt to show that one of the exceptions in Fed. R. Civ. P. 37(a)(i)-(iii) applies. There is no evidence that Defendant's delayed response was substantially justified or that any other circumstances make an award of expenses unjust. For these reasons, the Court recommends that Plaintiff be awarded her full fee request of $3,103.75.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 23rd day of July, 2024

                                                               s/ERIC I. LONG
                                        UNITED STATES MAGISTRATE JUDGE