UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| VALERIE HOLTON, | ) |
| PLAINTIFF, | ) |
| v. | ) No.: 2:23-cv-2057-CSB-EIL |
| GIVEPULSE, INC., | ) |
| DEFENDANT. | ) |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTIONS IN LIMINE**

DEFENDANT, GIVEPULSE, INC., by its undersigned counsel, HR LAW COUNSEL, LLC, respond as follows to Plaintiff's Motions in Limine.

1. Plaintiff's Motion in Limine 1 (Job Performance and Disciplinary Actions) and 2 (Promotion and Restructuring)[1]

Plaintiff seeks to exclude any evidence of her job performance or disciplinary actions while she was employed by Defendant. However, Plaintiff places her own performance at issue in this lawsuit:

- "At all times during the course of her employment, Plaintiff met and exceeded the job requirements of her position and the expectations of her employment. Plaintiff met and communicated regularly with Luc. At no point did Luc indicate that Plaintiff was not meeting the expectations of her employment." Complaint at ¶8.

- "At all relevant times, Plaintiff met and exceeded the employment expectations of the Defendant."

Plaintiff is seeking to argue not only that she was meeting the Defendant's legitimate expectations, but also that she was exceeding them. Yet, Plaintiff seeks an order precluding Defendant from presenting evidence that Plaintiff's job performance was not, in fact, "exemplary."

---

[1] Defendant does not object to Plaintiff's Motions in Limine 3 and 4 (Attorneys Fees; Back Pay, Mitigation, Earnings and Subsequent Employment).

Witnesses Defendants will identify in its pre-trial order will present first-hand information about a number of performance deficiencies. Allowing Plaintiff to attest to her allegedly superlative performance and barring evidence to the contrary would give an inaccurate picture to the jury of Plaintiff's job performance and conduct at the time of her termination. *See e.g., Schuster v. Shepard Chevrolet, Inc.*, No. 99 C 8326, 2002 WL 507130 (N.D. Ill. April 3, 2002):

> Nor do we see this as a situation where evidence of plaintiffs facility (or lack thereof)...would be unfairly prejudicial to the plaintiff. Plaintiff clearly plans to try to persuade the jury that plaintiffs performance was 'excellent,' no doubt to support his contention that the real reason for plaintiffs termination was his age. It certainly is not unfairly prejudicial for the defendant to offer evidence to rebut that assertion; to the contrary, it would be unfair to allow plaintiff to offer such evidence but to require the defendant to remain mute.

*Id.* at *4. Likewise, having chosen to pursue the argument that Plaintiff was not only meeting but ***exceeding*** the legitimate expectations of Defendant, or otherwise present evidence of her allegedly superlative job performance, Plaintiff cannot now tie Defendant's hands by barring it from introducing contrary evidence. To do so would be unfairly prejudicial to Defendant's case.

Finally, Plaintiff asserts two alternative arguments in support of her Motion: (1) "an employer cannot later invoke rejected evidence as a justification for litigation once litigation ensues"; and (2) "Courts routinely exclude post hoc rationalizations or undocumented claims of poor performance, where, as here, the employer failed to contemporaneously document concerns of communicate them to the employee." Pl. Motion at 2. Plaintiff misses the mark on both counts.

First, there is no instance of "rejected evidence" in this case. Defendant deposed Plaintiff. Plaintiff did not take a single deposition in this lawsuit. Plaintiff relied on her own deposition testimony to press a motion for summary judgment. Defendant relied on same in opposition. Not once in that motion practice was there a "rejection" of evidence. Nor should there be. Plaintiff's citation to *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 635 (7th Cir. 1996) only weakens her position. There, Defendant was found at trial to have contradicted the rationale

provided in written discovery for its termination of the plaintiff. In rejecting the employer's post-trial motion for judgment as a matter of law, the Court found the inapposite justifications for termination probative: "The jury apparently concluded from the total absence earlier of the justification Coca–Cola would later offer at trial that the justification had been concocted in preparation for trial to fit the available facts. In other words that it was pretextual." To the extent that Plaintiff seeks to establish a contradiction between Defendant's rationale for termination at the time versus Defendant's arguments in this lawsuit, she should attempt to do so with the trust that a jury will competently weigh both parties' evidence on the issue.

Second, Plaintiff's reliance on a 1992 case out of the Third Circuit (*Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 544–45 (3d Cir. 1992) is inapposite. There, the Court reversed a ruling in favor of a woman alleging gender discrimination and instructed the district court to enter judgment in favor of the defendant. There was no discussion of the probative value of "undocumented critiques." Moreover, holding to such a conclusion would undermine Illinois law. Illinois employers must produce personnel files pursuant to the Illinois Personnel Records Review Act. However, the Personnel Records Review Act does not require employers to create or produce records that the employer does not already have or maintain. 820 ILCS 40/10(e). For a Texas employer like Defendant that employed less than 10 employees in total and only one in Illinois (Plaintiff), it is not surprising to find a "light" personnel file for an employee that was with the Company for less than six months. Regardless, all e-mails, text messages, and other related documents were produced to Plaintiff and present in the underlying administrative record at the Illinois Human Rights Department as well as in discovery here. Defendant has not contradicted its rationale for Plaintiff's termination and evidence at trial will clearly establish same.

In her Second Motion in Limine regarding what Plaintiff describes as another "post-hoc justification," she argues that the promotion of Brian Halderman was not contemporaneous evidence of restructuring and seeks to exclude same. Plaintiff states that:

> Luc and McGirr's text messages from the days preceding Plaintiff's discharge contain vague statements about dissatisfaction with her work and general thoughts about "wiping out" the marketing team. However, those communications contain no documented plan for restructuring or eliminating Plaintiff's role, and no contemporaneous justification for immediately installing a replacement in an identically functioning position.

Pl. Motion at 2. In attempting to make an argument for exclusion, Plaintiff claims that this "post hoc" evidence is somehow prejudicial and confusing. To the contrary, it is crucial to the central question in this lawsuit: whether Defendant terminated Plaintiff in retaliation for her protected activity. Those e-mails and text messages are relevant to Defendant's timing of its decision to terminate Plaintiff as well as the non-discriminatory rationale for doing so. Exclusion of this highly probative evidence at trial would present an incomplete and insufficient record for the jury that would result in significant prejudice to Defendant.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's First and Second Motions in Limine in their entirety.

Date: June 30, 2025

By: /s/ Ethan Zelizer

HR Law Counsel
29 S. Webster St., Suite 350-C
Naperville, Illinois 60540
ethan@hrlawcounsel.com

**CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that on June 30, 2025, he electronically filed the foregoing with the Clerk of the Court of the Central District of Illinois via the CM/ECF system which will send notification of such filing to the attorneys of record.

HR Law Counsel LLC

By: */s/ Ethan G. Zelizer*

Ethan G. Zelizer (ARDC# 6280096)
HR Law Counsel